# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 96-CR-0045-001-GKF ) |
| ARLAND DEON GAINES, aka Arland Deon Williamson, | ) USM Number: 07709-062 ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is the motion of defendant for reduction of sentence pursuant to 18 U.S.C. § 3582(c), referencing retroactive Amendment 750, which revises USSG § 2D1.1 and reduces the sentence for many cases involving crack cocaine (Docket No. 83).

At the original sentencing, the Court imposed a sentence of 240 months[1] as to Count One and 120 months as to each of Counts Two and Three, each count to run concurrently with the other, based on an offense level 34 and a guideline sentencing term of 240 months.[2] Retroactive Amendment 750, which revises § 2D1.1, reduces the total offense level to level 28, resulting in a guideline range of 97 to 121 months. However, defendant is convicted of an offense that carries a mandatory minimum sentence of 240 months. Because the statutory mandatory minimum penalty for Count One is greater than the maximum of the revised guideline range, the statutory minimum, not the guideline range, controls the minimum sentence the Court may impose. See USSG §

---

[1] On June 17, 1996, prior to imposition of sentence, the United States filed an enhancement Information pursuant to 21 U.S.C. § 851 (Docket No. 29), increasing the mandatory minimum penalty to 20 years to life because the defendant had one prior conviction for a felony drug offense.

[2] The calculated range was 188 to 235 months; however, due to a statutory mandatory minimum sentence as to Count One of 20 years, the guideline sentence was, pursuant to USSG § 5G1.1(b), 240 months. The maximum statutory penalty for Counts Two and Three is 120 months per count.

5G1.1(b). Moreover, since the maximum statutory penalty for Counts Two and Three falls within the Amendment 750-revised guideline range, the 120-month sentence originally imposed as to these counts remains a valid sentence under the retroactive amendment.

Although Amendment 750 is applicable, it does not lower defendant's sentence. A reduction of a term of imprisonment is not authorized by § 3582(c) if the retroactive amendment does not have the effect of lowering a defendant's applicable guideline range. See USSG §1B1.10(a)(2)(B). As the facts establish that defendant's sentence is not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, this Court is without jurisdiction to consider a reduction of sentence under § 3582(c). See United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996).

**IT IS THEREFORE ORDERED** that the defendant's motion for reduction of sentence (Docket No. 83) is **dismissed for lack of jurisdiction**.

**DATED** this 8th day of November, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma